**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBORAH DAVIS-DIETZ,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1756-Orl-31DAB**

**SEARS, ROEBUCK AND CO.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**PLAINTIFF'S MOTION TO COMPEL PRODUCTION (Doc. No. 18)**
>
> **FILED:**　July 20, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

Plaintiff's suit, in relevant part, alleges discrimination based on her gender. According to the motion, she seeks personnel files and "unit" files of three female former management employees, asserting that the supervisor who fired her "had input" regarding the termination of these other employees, and "notations regarding the female employees' separation from Sears may assist Plaintiff in rebutting Defendant's reason for terminating Plaintiff."[1] In support of the discovery request, Plaintiff contends that Rule 26, Federal Rules of Civil Procedure, allows for discovery of any matter

---

[1] Defendant Sears alleges that Plaintiff was terminated for failing to report two arrests for Driving under the Influence of Alcohol, and not due to her gender.

not privileged, which is relevant to the subject matter involved in the pending action, and cites older cases from other districts, which assert that "the scope of discovery is not confined to issues raised in the pleadings." (Doc. No. 18, at 3). Plaintiff is mistaken.

Contrary to Plaintiff's assertion, Rule 26 was amended to allow for discovery of any matter, not privileged, that is relevant *to the claim or defense of any party.* Fed. R. Civ. P., Rule 26(b)(1), See Commentary to the 2000 Amendment. The amended rule provides that the broader scope of discovery relied upon by Plaintiff is available only by a court order, for good cause shown. Here, no such cause is shown. Thus, the Court looks to the narrower standard to determine whether the discovery sought is relevant to Plaintiff's claim of discrimination or Defendant's defense of legitimate business reason for the termination.

Defendant contends that the request is no more than a fishing expedition, in that the requested information "does not tend to prove or disprove whether the legitimate non-discriminatory reason proffered by Defendant for Plaintiff's termination constitutes pretext" and "Plaintiff has offered no reasons as to why she believes the separations of these other women were based on gender, other than having gender in common."

The termination of the other employees is likely to be relevant only under F.R.E. 404(b), if at all. Thus, the files sought are, at best, tangential. Combined with the extreme vagueness of Plaintiff's description of Ms. Swinski's alleged involvement with those other employees, the inquiry runs too far afield. The motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record