# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBORAH DAVIS-DIETZ,**

     **Plaintiff,**

-vs-              **Case No.  6:06-cv-1756-Orl-31DAB**

**SEARS, ROEBUCK AND CO.,**

     **Defendant.**

_____

# ORDER

This matter comes before the Court on the Plaintiff's motion to set aside (Doc. 22) the

magistrate's order (Doc.20) denying her motion to compel production (Doc. 18).  The Plaintiff,

Deborah Davis-Dietz ("Davis-Dietz"), alleges that her former employer, Sears, Roebuck and

Co.("Sears"), discriminated against her on the basis of her gender.  Sears contends that Davis-

Dietz was fired because she failed to report two arrests, not because of her gender.

By way of her motion to compel, Davis-Dietz sought personnel files and "unit" files of

three female former management employees.  (Doc. 18 at 2-3).  Davis-Dietz contended that the

supervisor who fired her also played a role in the termination[1] of these other female employees,

and suggested that the files might contain notes that would indicate these women were terminated

due to their gender, thus helping Davis rebut the proffered reason for her termination.  (Doc. 18 at

2-4).  Magistrate Judge Baker denied the motion, finding that

_____

[1]Davis-Dietz contends that two of the employees ultimately resigned but for simplicity's sake, this opinion will refer to all three employees as having been terminated.

> The termination of the other employees is likely to be relevant only under F.R.E. 404(b), if at all. Thus, the files sought are, at best, tangential. Combined with the extreme vagueness of Plaintiff's description of Ms. Swinski's alleged involvement with those other employees, the inquiry runs too far afield.

(Doc. 20 at 2).

Davis-Dietz now appeals the denial of her motion.  She argues that other courts have found that personnel files were discoverable to provide evidence of pretext.  *See*, *e.g.*, *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991).  In a proper case, that would be true, but not here.  In this case, showing that other women were terminated due to their gender is peripheral to the claim that Davis-Dietz was terminated for that reason and to the defense that she was terminated for failing to report her arrests.  A different situation would be presented if, for example, Davis-Dietz were seeking  personnel files of male supervisors who had failed to report arrests but had not lost their jobs.

The Court also agrees that Davis-Dietz's description of the supervisor's role in the termination of these other employees is too vague to provide a reasonable basis for exploring these files.  Davis-Dietz offers only (1) an allegation that the supervisor ordered her to fire two of these women (2) her "understanding" that this supervisor wanted the third woman fired, and (3) her "understanding" that these women were replaced by men.  This is not enough to suggest that these women were terminated because of their gender, much less that the supervisor who allegedly did so recorded this information in their personnel files. The decision of the magistrate judge was not

clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a).  As such, it is hereby

      **ORDERED AND ADJUDGED** that the Plaintiff's motion (Doc. 22) to set aside the

magistrate judge's order on her motion to compel is **DENIED**.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on September 18, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party