**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBORAH DAVIS-DIETZ,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-1756-Orl-31DAB**

**SEARS, ROEBUCK AND CO.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 23) filed by the Defendant, Sears, Roebuck and Co. ("Sears") and the response (Doc. 28) filed by the Plaintiff, Deborah Davis-Dietz ("Davis-Dietz").

**I.**     **Background**[1]

Beginning in 1993, Davis-Dietz served as Store General Manager for a number of Sears stores. From 1993 to 1996, she managed Sears' Brunswick, Georgia store. Beginning in 1996, she managed Sears' Vero Beach, Florida store. In 2003, she became Store General Manager of the Sears store in Melbourne, Florida. In October 2004, Davis-Dietz was arrested for driving under the influence ("DUI"). In April 2005, Davis-Dietz requested and received time off from work to go to an in-patient treatment facility. She was on FMLA leave for eleven weeks, returning to work on July 10, 2005. On July 14, 2005, she was again arrested for driving under the influence. On

---

[1] The following facts are taken from Sears' statement of undisputed material facts, except where those facts have been disputed by Davis-Dietz.

August 9, 2005, her supervisors confronted her, asking her if she had been arrested. She told them that she had. The supervisors told her that she was required to inform Sears of any arrest within five days of its occurrence and told her that she was being terminated for failing to do so. After her termination, Davis-Dietz's position was filled by a male employee.

In her Second Amended Complaint (Doc. 14), Davis-Dietz alleges the following causes of action: gender discrimination in violation of the Florida Civil Rights Act ("FCRA") (Count I) and Title VII of the Civil Rights Act of 1964 ("Title VII") (Count II); retaliatory termination and interference in violation of the of the Family and Medical Leave Act ("FMLA") (Count III); and disability discrimination in violation of the Americans with Disabilities Act ("ADA") (Count IV) and the FCRA (Count V).

**II.  Standards**

    **A.  Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If there is an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof, that party must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and

citation omitted). Summary judgment is mandated against the non-moving party who thereafter fails to present sufficient evidence to establish a genuine issue of fact for trial. *Id.* at 322, 324-25.

In this review, the Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If an issue of material fact exists, the court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2]

**B.  Gender Discrimination – Discriminatory Discharge – Title VII and FCRA[3]**

In a case where there is no direct evidence of discrimination, a court is to analyze whether summary judgment is appropriate under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under that framework, the plaintiff first bears the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). To establish a prima facie case of discriminatory discharge, the plaintiff must show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was

---

[2] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[3] Florida courts have repeatedly held that, because the FCRA was patterned after Title VII, decisions construing the latter are applicable to the former. *See Green v. Burger King Corp.*, 728 So.2d 369, 370-71 (Fla. 3d DCA 1999) (listing cases and stating, "It is well settled that when Florida statutes are adopted from an act of Congress, the Florida legislature also adopts the construction placed on that statute by the federal courts insofar as that construction is not inharmonious with the spirit and policy of Florida's general legislation on the subject.").

replaced by someone outside the protected class. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

When the plaintiff establishes a prima facie case, which creates the presumption of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Wilson* at 1087. The employer need not persuade the court that it was actually motivated by the proffered reason. *Burdine*, 450 U.S. at 254-55. If the employer satisfies its burden by articulating one or more reasons, the presumption of discrimination is rebutted and the burden shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. *Wilson* at 1087.

If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. *Id.* at 1088. *See also Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (holding that, regardless of whether the proffered reason is unfair, heavy handed, or based on erroneous facts, the inquiry is limited to whether the employer "gave an honest explanation of its behavior.") (internal citations omitted). The evidence of pretext may include evidence offered initially to establish the prima facie case. *Wilson* at 1088.

C.       **Retaliatory Discharge– FMLA**[4]

In the absence of direct evidence of discrimination on the part of the employer, Courts also apply the *McDonnell Douglas* burden-shifting framework to evaluate claims of retaliation under the FMLA. *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 798 (11th Cir. 2000). To establish a prima facie case of retaliatory discharge under that framework, the plaintiff must show that (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. *Id.* To establish the causal connection, the plaintiff need only show that the protected activity and adverse action were "not wholly unrelated." *Id.* To show that the two things were not entirely unrelated, the plaintiff must generally show that the decisionmaker was aware of the protected conduct at the time of the adverse employment action. *Id.* Generally, close temporal proximity between the conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact with regard to causal connection; however, such temporal proximity, standing alone, is insufficient where there is unrebutted

---

[4] In the Second Amended Complaint and in her response to the motion for summary judgment, Davis-Dietz argues that, in addition to firing her for taking FMLA leave, Sears violated the FMLA by "interfering with" her FMLA rights. However, in the Second Amended Complaint, the only interference which Davis-Dietz alleges is the termination itself. In her response, Davis-Dietz points to complaints made by her superior when Davis-Dietz attempted to modify her work schedule so that she could attend such things as Alcoholics Anonymous meetings and out-patient counseling. However, Davis-Dietz provides no evidence that her superior's complaints actually interfered with her FMLA rights, i.e., that those complaints (or anything else) got in the way of her getting everything to which she was entitled under the FMLA. Even assuming that the Second Amended Complaint was sufficient to put Sears on notice of this second FMLA claim, Davis-Dietz has not provided enough evidence to establish the existence of a genuine issue of material fact regarding it.

evidence that the decision maker did not have knowledge that the plaintiff had engaged in the protected conduct. *Id.*

If the plaintiff makes out a prima facie FMLA retaliation case, the burden shifts to the defendant to articulate a legitimate reason for the adverse action. *Hurlburt v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). If the defendant does so, the plaintiff must then show that the defendant's proffered reason for the adverse action is pretextual. *Id.*

### D.   Disability Discrimination – ADA and FCRA[5]

The ADA prohibits discrimination in employment against a qualified individual with a disability because of that person's disability. 42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination under the ADA, the plaintiff must establish that: (1) she has a disability, (2) she is a qualified individual – that is, she is able to perform the essential functions of the employment position with reasonable accommodation, and (3) the defendant unlawfully discriminated against her because of the disability. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226 (11th Cir. 2005). Three types of "disability" can place an individual within the protection of the ADA: a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such impairment; or being regarded as having such an impairment. *Id.* Once a plaintiff puts forth a prima facie case, which establishes a presumption of disability discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). If the defendant articulates one or

---

[5]As applied to disability based on a handicap, the FCRA is to be construed in conformity with the ADA. *Byrd v. BT Foods, Inc.*, 948 So. 2d 921, 926 (Fla. 4th DCA 2007).

more such reasons, the presumption of discrimination is rebutted, and the plaintiff has the opportunity to come forward with evidence that the proffered reason was pretextual. *Wascura v. City of South Miami*, 257 F. 3d 12138, 1243 (11th Cir. 2001). If the plaintiff fails to produce sufficient evidence to create a genuine issue of material fact as to whether each of the defendant's proffered reasons is pretextual, the defendant is entitled to summary judgment. *Id.*

**III.    Analysis**

For purposes of gender discrimination portion of its motion, Sears concedes that, as a woman, Davis-Dietz belonged to a protected class, that she was a qualified individual and that she was subjected to an adverse employment action. But Sears argues Davis-Dietz cannot establish a prima facie case of gender discrimination because she cannot identify any similarly situated male employee who was treated more favorably than she was. Because she was discharged and replaced by a male, however, Davis-Dietz need not meet this requirement. *Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 605 n.4 (11th Cir. 1994) (stating that requirement that plaintiff identify person outside of protected class who received more favorable treatment only applies in cases in which plaintiff has not been terminated). For purposes of *McDonnell Douglas*, Davis-Dietz has made out a prima facie case of gender discrimination.

As a legitimate, nondiscriminatory reason for the termination, Sears points to Davis-Dietz's failure to notify the company of either of her DUI arrests. Davis-Dietz attacks this contention in two ways: First, she contends that she was unaware of the arrest-notification policy. In support, she points to testimony suggesting another long-term Sears employee was unaware of the policy. Second, she points out that the actual language of the Sears handbook required employees "to report to the unit manager within five (5) days of any felony or misdemeanor arrest

and/or conviction." Davis-Dietz argues that she was a unit manager, and because she knew of her arrest, she was in literal compliance with the policy.

Davis-Dietz offers no argument that she was not subject to the policy. Neither of her arguments suggests that Sears' reason for terminating her was pretextual. Under either argument, Davis-Dietz failed to notify her employer of her arrest, in violation of company policy. Because she has failed to demonstrate the existence of a genuine issue of material fact as to whether Sears' reason for her termination was pretextual, Davis-Dietz's gender discrimination claims must fail. This failure is also fatal to her FMLA claim, *Wascura* at 1243, and her disability discrimination claims, *Hurlburt* at 1297.

**IV.   Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment (Doc. 23) filed by the Defendant, Sears, Roebuck and Co., is **GRANTED**. This case is removed from the February, 2008 trial docket, and the Clerk is directed to enter judgment in favor of the Defendant and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 15, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party